Ira S. Lipsius (IL5707)
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
Telephone No.: (212) 563-1710
Attorney for Defendant Old Republic Insurance Company



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
CASTLE OIL CORPORATION                  :
                                        :
            Plaintiff,                  :
                                        :
      -against-                         :   Civil Action No.
                                        :
OLD REPUBLIC INSURANCE COMPANY          :
                                        :   PETITION FOR REMOVAL
                                        :
                                        :
            Defendants.                 :
----------------------------------------x

Defendant-petitioner, OLD REPUBLIC INSURANCE COMPANY, pursuant to 28 U.S.C. §§1441 and 1446, states as follows:

1. Petitioner OLD REPUBLIC INSURANCE COMPANY (ORIC) is a corporation organized and existing under the laws of the state of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332

2. The Court's review of the Complaint will reveal that at the time of the filing of the complaint and this removal petition, Castle Oil Corporation was a corporation organized and existing under the laws of New York with its place of business located in Westchester at 500 Mamaroneck Avenue, Harrison New York 10528.

3. Petitioner, Old Republic Insurance Company was first served with a copy of a summons and complaint on December 28, 2007, which was filed in the Supreme Court of the

State of New York County of Westchester under Index No. 25965/2007 (a copy of which is attached hereto as Exhibit A). No other process, pleadings, orders or other papers concerning this action were received by petitioner prior to December 28. 2007. Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of the service of the summons and complaint upon Old Republic Insurance Company.

4.  Plaintiff's complaint alleges, *inter alia*, that it purchased from ORIC an Auto policy of insurance bearing number MWTB 18513 and effective for the period November 1, 2002 to November 1, 2003.

5.  Plaintiff further alleges that Old Republic has breached its contractual obligations to Castle Oil Company under the Auto Policy by failing to provide Castle with defense and indemnification and therefore Castle has been damaged in the sum of $422,920.98.

6.  Castle Oil Company is seeking a declaratory judgment as to the Auto Policy coverage and damages in the sum of $422, 920.98.

7.  At the time of filing of the Complaint and the within removal petition, the amount in controversy between the parties exceeds the sum of $75,000, exclusive of interest and cost of suit.

8.  There is complete diversity of citizenship between Castle Oil Corporation and Old Republic Insurance Company at the time of the filing of the complaint and this removal petition. The jurisdictional monetary prerequisite of 28 U.S.C. § 1332 has been met. As such this court maintains jurisdiction pursuant to and in accordance with 28 U.S.C. § 1332. Removal is therefore appropriate pursuant to 28 U.S.C § 1441 (a) and (b).

9.  In accordance with 28 U.S.C. §1446(d), petitioner will promptly file a copy of this petition with the clerk of the Supreme Court of the State of New York, County of

Westchester, and will give notice thereof to plaintiff. (A copy of said notice is attached as Exhibit "B").

WHEREFORE, Petitioner prays that the above action now pending in the Supreme Court of the State of New York County of Westchester, be removed therefrom to this court.

Dated: January 28, 2008
      New York, New York

                                SCHINDEL, FARMAN, LIPSIUS,
                                  GARDNER & RABINOVICH, LLP
                                Attorney for Defendant Old Republic
                                Insurance Company

                                By: _____
                                   Ira S. Lipsius(IL5707)
                                14 Penn Plaza, Suite 500
                                New York, New York 10122
                                Telephone No.: (212) 563-1710
                                File No.: 2689.0002

Supreme Court of the State of New York
County of Westchester

12-28-2007
DL

CASTLE OIL CORPORATION,

                             *Plaintiff,*

—against—

OLD REPUBLIC INSURANCE COMPANY,

                            *Defendant.*

**Summons**

Index No. **25965** /2007

Plaintiff designates Westchester County as the place of trial based on location of its place of business at 500 Mamaroneck Avenue, Harrison, New York

RECEIVED
DEC 26 2007
TIMOTHY C. IDONI
COUNTY CLERK
WESTCHESTER

**To the Above Named Defendant:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within **20 days** after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Harrison, New York
             December 26, 2007

*/s/ Michael M. Meadvin*
MICHAEL M. MEADVIN
Attorney for Plaintiff Castle Oil Corporation
500 Mamaroneck Avenue
Post Office Box 466
Harrison, New York 10528
(914) 381-6508

DEFENDANT'S ADDRESS:

414 West Pittsburgh Street
Greensburg, Pennsylvania 15602

c/o NYS Dept of Insurance
25 Beaver St
NYC NY 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CASTLE OIL CORPORATION,                                :

                *Plaintiff,*                        :         **VERIFIED COMPLAINT**

       —against—                          :         Index No. 25965/2007

OLD REPUBLIC INSURANCE COMPANY,        :

                *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Plaintiff Castle Oil Corporation ("Castle"), by its undersigned attorney, for its verified complaint in this action alleges as follows:

### Nature of this Action

      1. This is an action by Castle to recover damages based upon the breach of a contract of insurance by defendant Old Republic Insurance Company ("ORIC"). ORIC sold Castle automobile insurance policy no. MWTB 18513 covering the period November 1, 2002–November 1, 2003. The policy obligates ORIC to pay all sums which Castle is legally required to pay as damages because of property damage resulting from the ownership, maintenance, or use of a covered vehicle in excess of a deductible of $350,000.00. In or about June 2003, Castle placed ORIC on notice of a claim within the coverage of the policy. ORIC acknowledged coverage and commenced furnishing Castle with a defense.

      2. Some eighteen months later, after realizing that the claim would probably exceed Castle's deductible, ORIC purported to disclaim coverage on bogus grounds, thereby breaching its contractual obligation to Castle. As a result of ORIC's breach, Castle has incurred damages of not less than $422,920.98 over and above the deductible. This action seeks (a) to recover those damages together with interest, costs, and disbursements and (b) judgment declaring that ORIC is obligated to indemnify Castle with respect to any additional damages incurred by Castle arising out of the claim.

## The Parties

3. Castle is a corporation organized and existing under the laws of New York with a place of business located in Westchester County at 500 Mamaroneck Avenue, Harrison, New York 10528.

4. On information and belief, ORIC is a corporation organized and existing under the laws of Pennsylvania with a place of business located at 414 West Pittsburgh Street, Greensburg, Pennsylvania 15602.

5. On information and belief, ORIC is licensed to engage in the business of insurance in New York pursuant to § 1113 of the Insurance Law.

## Jurisdiction and Venue

6. The Court has jurisdiction over the subject matter of this action pursuant to § 140-b of the Judiciary Law.

7. The Court has jurisdiction over the person of ORIC pursuant to § 1101(b) of the Insurance Law and § 302 of the Civil Practice Law and Rules because ORIC made the relevant insurance contract and collected premiums therefor in New York, and is engaged generally in the business of insurance in New York.

8. Venue lies in Westchester County pursuant to § 503 of the Civil Practice Law and Rules based on Castle's residence.

## The Relevant Facts

**A.    The ORIC Automobile Insurance Policy**

9. On or about November 1, 2002, ORIC sold to Castle, and Castle purchased from ORIC, a certain contract of insurance entitled "Business Automobile Insurance Policy" bearing policy number MWTB 18513 and effective for the period November 1, 2002 to November 1, 2003 (the "Auto Policy").

10. Castle has paid ORIC all premiums due in respect to the Auto Policy and performed all other obligations which it is required to perform pursuant to the Auto Policy.

11. The Auto Policy obligates ORIC to pay all sums which Castle, as its insured, must pay as damages because of bodily injury or property damage caused by an accident and resulting from Castle's ownership, maintenance, or use of a covered "auto," as defined in the Auto Policy, in excess of a $350,000.00 deductible.

12. The basic form of the Auto Policy (commercial auto coverage form CA 00 01 10 01) contains various liability coverage exclusions, including exclusions for bodily injury or property damage resulting from (a) handling of property, (b) completed operations, and (c) pollution (which is defined as the "actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' that are, or that are contained in any property that is being transported or towed by, handled, or handled for movement into, onto or from, the covered 'auto'" or "[a]fter the 'pollutants' or any property in which the 'pollutants' are contained are moved from the covered 'auto' to the place where they are finally delivered, disposed of or abandoned by the 'insured'").

13. However, the Auto Policy also contains an endorsement entitled "New York Changes in Business Auto, Business Auto Physical Damage, Motor Carrier and Truckers Coverage Forms" (commercial auto coverage form CA 01 12 09 02) (the "New York Endorsement"), which is a compulsory endorsement for automobile insurance policies sold in New York. The New York Endorsement, among other things, eliminates the handling of property, completed operations, and pollution exclusions described in ¶ 12 above.

B.  **The Oil Spill Claims Which ORIC Previously Accepted and Paid**

14. Prior to the coverage disclaimer at issue in this action, ORIC repeatedly recognized that Castle's insurance covered accidental fuel oil spills resulting from the ownership, maintenance, or use of a covered 'auto.'

3

15. Thus, on or about January 27, 2003, a Castle tank truck delivered fuel oil to a residential building located at 3489 Lexington Avenue, Mohegan Lake, New York. During the course of, or shortly after, the delivery was completed, a tank or pipe in the building's fuel oil storage system ruptured due to a defect, causing fuel oil to spill from the tank or pipe onto the basement floor. After timely notice from Castle, ORIC acknowledged coverage for this claim and paid it.

16. Further, on or about February 24, 2003, an independent trucker hired by Castle mistakenly delivered fuel oil to the wrong address, *i.e.*, 239 West 230th Street, Bronx, New York. That building already had a full storage tank and the mistaken delivery caused the tank to rupture and spill oil onto the basement floor. After timely notice from Castle, ORIC acknowledged coverage for this claim and paid it.

17. Indeed, during the period covered by the Auto Policy, ORIC acknowledged and paid no less than seven claims arising out of accidental fuel oil spills resulting from the ownership, maintenance, or use of Castle trucks. In the aggregate, ORIC paid out no less than $263,555.62 in respect to such claims.

18. Moreover, subsequent to November 1, 2003, ORIC continued to insure Castle pursuant to successor automobile insurance policies having terms and conditions identical to the Auto Policy. During the period commencing November 1, 2003, ORIC acknowledged and paid under such successor policies at least thirty claims arising out of spills in the course of Castle fuel oil deliveries aggregating in excess of $300,000.00.

C.   **The Hickey-Pompe Claim**

19. On or about June 23, 2003, Castle was advised by a customer, Barbara Hickey ("Hickey"), of the existence of a substantial oil spill in and around her property located in Westchester County at 3870 Fawn Court, Shrub Oak, New York.

20. Hickey alleged that beginning in 1999 and continuing to June 2003, Castle caused the aforesaid spill by negligently delivering fuel oil into a fill pipe that was connected to a broken underground suction line such that some of the fuel oil being pumped out of Castle's trucks was migrating into the groundwater and soil surrounding the broken suction line. Hickey further alleged that Castle knew or should have known that the suction line was broken because the volume of fuel oil being delivered to the Hickey residence had increased over time and had substantially exceeded the volume of fuel oil which that residence had historically used.

21. On or about June 26, 2003, Castle was advised by Hickey's neighbor, Gabriel Pompe ("Pompe"), that a substantial quantity of fuel oil had contaminated his property located at 3865 Fawn Court as a result of the spill described in ¶ 20 above. Pompe's claim arose out of the same occurrences alleged by Hickey. The occurrences alleged by Hickey and Pompe are referred to as the "Hickey–Pompe Claim."

22. Castle gave ORIC timely notice of the Hickey–Pompe Claim.

23. On or about August 8, 2003, ORIC, acting through Murdock Claims Management Company ("Murdock"), accepted the Hickey–Pompe Claim and assigned a single claim number, M1-CAST-96, thereto.

24. On or about January 15, 2004, Pompe commenced an action in the Supreme Court of the State of New York, Westchester County, bearing index no. 775/2004, against Castle and Hickey (the "Pompe Action"). In his complaint, Pompe alleged among other things that:

> Defendant Castle Oil Corporation delivered . . . extraordinary amounts of fuel oil to defendant Barbara Hickey, in excess of 1,000 [gallons], during the period of January 2000 through April 2003, and pumped that oil into the fuel oil system, from which it immediately leaked, escaped or was released or discharged, and migrated into the local groundwater and lands, including plaintiff's property located at 3865 Fawn Court, Shrub Oak, New York.

5

25. The allegations in the Pompe Action are within or potentially within the coverage afforded by the Auto Policy.

26. On or about February 11, 2004, ORIC, acting through Murdock, undertook Castle's defense of the Pompe Action, without reservation of rights, and assigned the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker to represent Castle.

27. On or about January 5, 2005, Hickey commenced an action in the Supreme Court of the State of New York, Westchester County, bearing index no. 288/2005, against Castle (the "Hickey Action"). In her complaint, Hickey alleged among other things that:

> Defendant Castle Oil Corporation supplied home heating oil, petroleum and/or fuel oil to plaintiff's premises from on or about January 1999 through approximately August 2003.
>
> In or about January 1999 and continuing to present, large quantities of home heating oil, petroleum and/or fuel oil began to enter areas of plaintiff's property outside of the fuel oil delivery, storage and heating system and/or fuel tank.
>
> The petroleum contamination . . . then spread out to other areas of the plaintiff's property as a result of the negligence, carelessness and recklessness of the defendant and/or its agents, servants and/or employees.
>
> Defendant Castle Oil Corporation, its agents, servants and/or employees knew or should have known that large quantities of home heating oil, petroleum and/or fuel oil would escape or be released or discharged from the plaintiff's premises as a result of excessive deliveries of fuel oil.

28. The allegations in the Hickey Action are within or potentially within the coverage afforded by the Auto Policy.

D. **ORIC's Belated Disclaimer of Coverage on Bogus Grounds**

29. On information and belief, at or about the time the Hickey Action was commenced, ORIC concluded that, contrary to its prior estimate, Castle's liability in respect to the Hickey–Pompe Claim would probably exceed the Auto Policy deductible. On information and belief, ORIC thereafter contrived a bogus theory for disclaiming coverage not-

withstanding that it had accepted the Hickey–Pompe Claim and afforded defense and coverage to Castle over the course of the preceding eighteen months.

30. On information and belief, in pursuit of such strategy, ORIC caused Murdock to procure a letter from the law firm of Rivkin Radler on or about January 18, 2005 (the "Rivkin Radler Letter") opining that a *different* insurance policy, Commercial General Liability Policy no. MWZY 55631 (the "CGL Policy"), did not afford coverage to Castle in respect to the Hickey–Pompe Claim or impose any obligation upon ORIC to defend or indemnify Castle in respect thereto. The Rivkin Radler letter did not mention the Auto Policy, much less opine that it failed to afford coverage to Castle in respect to the Hickey–Pompe Claim.

31. Although the Rivkin Radler Letter is labeled "ATTORNEY-CLIENT COMMUNICATION, PRIVILEGED AND CONFIDENTIAL" in boldface type on the first page thereof, it was knowingly and purposefully disclosed to Castle by ORIC and Murdock, thereby waiving any attorney-client privilege between or among ORIC, Murdock, and Rivkin Radler that might have otherwise existed.

32. On February 18, 2005, one month after the date of the Rivkin Radler Letter, ORIC addressed a letter to Castle purporting to disclaim all defense and indemnity obligations to Castle in respect to the Hickey–Pompe Claim under *both* the CGL Policy and the Auto Policy (the "ORIC Letter").

33. With respect to the Auto Policy, the ORIC Letter studiously ignored those portions of the New York Endorsement which cause the Auto Policy to cover handling of property, completed operations, and pollution claims, as more fully described in ¶ 13 above. To the contrary, as part of ORIC's scheme to contrive a bogus theory for disclaiming coverage, the ORIC Letter relied solely on irrelevant portions of the New York Endorsement.

34. On information and belief, the bogus nature of the Auto Policy disclaimer contained in the ORIC Letter is confirmed by the fact that the Rivkin Radler Letter did not even mention the existence of the Auto Policy, much less advise ORIC and Murdock that a valid legal basis existed to disclaim coverage thereunder.

E. **The Partial Indemnification Provided by Illinois National Insurance Company**

35. During the two-year period immediately preceding the commencement date of the Auto Policy (*i.e.*, November 1, 2000–November 1, 2002), Castle was insured under automobile insurance policies issued by Illinois National Insurance Company ("INIC").

36. In or about August 2004, INIC—unlike ORIC—honored the terms of Castle's automobile insurance policies by agreeing to defend and indemnify Castle in respect to the Hickey–Pompe Claim, but only to the extent of a portion of any liability arising out of such claims. Thus, ORIC's failure to defend and indemnify Castle pursuant to the Auto Policy left Castle uninsured in respect to a substantial part of the liability arising out of the Hickey–Pompe Claim.

F. **The Damages Incurred by Castle as a Result of ORIC's Breach**

37. Through the date of this complaint, Castle has actually expended not less than $685,959.19 to settle the Hickey–Pompe Claim.

38. In addition, Castle is in receipt of a subrogation claim by Hickey's insurance carrier totaling not less than $86,961.85

39. Castle's out-of-pocket expenditures to settle the Hickey–Pompe Claim accordingly will total not less than $772,920.98.

40. By reason of the deductible provision contained in the Auto Policy, ORIC is not liable for the first $350,000.00 of the aforesaid expenses incurred by Castle.

41. Accordingly, ORIC's breach of contract has damaged Castle in a sum not less than $422,920.98.

### First Cause of Action
### (Breach of Contract)

42. Castle repeats the allegations in ¶¶ 1-41 above.

43. The Auto Policy obligates ORIC to pay all sums which Castle, as its insured, must pay as damages because of bodily injury or property damage caused by an accident and resulting from Castle's ownership, maintenance, or use of a covered "auto," as defined in the Auto Policy, in excess of a $350,000.00 deductible.

44. ORIC has breached its contractual obligations to Castle under the Auto Policy by failing and refusing to provide Castle with defense and indemnification in respect to the Hickey–Pompe Claim.

45. As a result of ORIC's breach, Castle has been damaged in a sum not less than $422,920.98.

### Second Cause of Action
### (Declaratory Judgment)

46. Castle repeats the allegations in ¶¶ 1-41 above.

47. The Auto Policy obligates ORIC to pay all sums which Castle, as its insured, must pay as damages because of bodily injury or property damage caused by an accident and resulting from Castle's ownership, maintenance, or use of a covered "auto," as defined in the Auto Policy, in excess of a $350,000.00 deductible.

48. ORIC has breached its contractual obligations to Castle under the Auto Policy by failing and refusing to provide Castle with defense and indemnification in respect to the Hickey–Pompe Claim.

49. With respect to any damages which Castle may incur by reason of the Hickey–Pompe Claim, over and above the damages pleaded in ¶¶ 37-41 above, a justiciable controversy exists between Castle and ORIC.

50. Castle is accordingly entitled to judgment, pursuant to § 3001 of the Civil Practice Law and Rules, declaring that ORIC is obligated to defend and indemnify Castle.

**WHEREFORE,** plaintiff Castle Oil Corporation demands judgment against defendant Old Republic Insurance Company as follows:

A. On the first cause of action, in a sum of not less than $422,920.98, in an amount to be proven at trial, together with interest, costs, and disbursements;

B. On the second cause of action, declaring that defendant is obligated to defend and indemnify Castle in respect to the Hickey-Pompe Claim; and

C. Such other relief as the Court deems proper.

Dated:    Harrison, New York
          December 26, 2007

                                            _____
                                            MICHAEL M. MEADVIN
                                            Attorney for Plaintiff
                                            Castle Oil Corporation
                                            Post Office Box 466
                                            500 Mamaroneck Avenue
                                            Harrison, New York 10528
                                            (914) 381-6508

# V E R I F I C A T I O N

STATE OF NEW YORK        }
                         } ss.:
COUNTY OF WESTCHESTER    }

PAUL CONLEY, being duly sworn, deposes and says that he is Senior Vice President and Chief Financial Officer of Castle Oil Corporation, plaintiff in this action; that he has read the within complaint and is familiar with its contents; and that the same is true to the best of his knowledge, except for matters alleged therein on information and belief, which matters he believes to be true; that the source of his knowledge and belief is the books and records of plaintiff; and that he makes this affidavit because plaintiff is a corporation and he is an officer thereof.

PAUL CONLEY

Sworn to before me on the
26th day of December 2007

MICHAEL M. MEADVIN
Notary Public, State of New York
No. 02ME4651206
Qualified in Westchester County
Term Expires May 4, 2011

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------x
CASTLE OIL CORPORATION              :
                                    :
              Plaintiff,            :
                                    :
      -against-                     :   Civil Action No.: 25965/07
                                    :
OLD REPUBLIC INSURANCE COMPANY      :
                                    :   NOTICE OF REMOVAL
                                    :
                                    :
              Defendants.           :
----------------------------------------x

TO:   Michael M. Meadvin, Esq.
      Attorney at Law
      500 Mamaroneck Avenue
      P.O. Box 466
      Harrison, New York 10528

   PLEASE TAKE NOTICE that Defendant, OLD REPUBLIC INSURANCE COMPANY has on the 28th day of January 2008 filed its petition for removal, a copy of which is attached hereto as Exhibit A, in the office of the United States District Court for the Southern District of New York .

Dated: January 28, 2008
       New York, New York

                              SCHINDEL, FARMAN, LIPSIUS,
                                GARDNER & RABINOVICH, LLP
                              Attorney for Defendant Old Republic
                                Insurance Company

                              By: _____
                                  Ira S. Lipsius(IL5707)
                              14 Penn Plaza, Suite 500
                              New York, New York  10122
                              Telephone No.: (212) 563-1710
                              File No.: 2689.0002