Ira S. Lipsius (IL5707)
SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
Telephone No.: (212) 563-1710
Attorney for Defendant Old Republic Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CASTLE OIL CORPORATION | Civil Action No.: 08 CV 0990 |
| Plaintiff, | |
| -against- | **ANSWER** |
| OLD REPUBLIC INSURANCE COMPANY | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant, Old Republic Insurance Company, by and through its attorneys Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, for its answer to the Complaint, states as follows:

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that there is an insurance policy, the terms of which speak for themselves.

2. Denies each and every allegation contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the Complaint.

4. Admits each and every allegation contained in paragraph 4 of the Complaint.

5. Admits each and every allegation contained in paragraph 5 of the Complaint.

6. Neither admits nor denies the allegations contained in paragraph 6 of the Complaint. If an answer is deemed necessary, the allegations are denied.

7. Neither admits nor denies the allegations contained in paragraph 7 of the Complaint. If an answer is deemed necessary, the allegations are denied.

8. Neither admits nor denies the allegations contained in paragraph 8 of the Complaint. If an answer is deemed necessary, the allegations are denied.

9. Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that there is an insurance policy, the terms of which speak for themselves.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that there is an insurance policy, the terms of which speak for themselves.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that there is an insurance policy and the terms of the policy speak for themselves.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, but admits that there is an insurance policy and the terms of the policy speak for themselves.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint as it refers to ORIC and denies knowledge or information sufficient to form a belief as to the truth of all other allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint as it refers to ORIC and denies knowledge or information sufficient to form a belief as to the truth of all other allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that there is a policy and the terms of the policy speak for themselves.

18. Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that there is a policy and the terms of the policy speak for themselves.

19. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that an action was commenced against Castle and Hickey and refers to the complete Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that an action was commenced against Castle and Hickey and refers to the complete Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that on February 18, 2005 a disclaimer letter was sent by ORIC to Castle and refers to the letter.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the Complaint.

36. Denies knowledge or information with regard to each and every allegation contained in paragraph 36 of the Complaint except denies each and every allegation contained in paragraph 36 of the Complaint as to ORIC.

37. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that the auto policy has a deductible and the terms of the policy speak for themselves.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

42. In response to paragraph 42, defendant repeats and realleges each and every allegation contained in paragraphs 1 through 41 of the Complaint as set forth herein at length.

43. Denies each and every allegation contained in paragraph 43 of the Complaint, and refers to the terms of the policy.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

46. In response to paragraph 46, defendant repeats and realleges each and every allegation contained in paragraphs 1 through 45 of the Complaint as set forth herein at length.

47. Denies each and every allegation contained in paragraph 47 of the Complaint, and refers to the terms of the policy.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

51. Plaintiff has failed to state a cause of action against defendant ORIC upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

52. Plaintiff is precluded and barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

53. Castle Oil has failed to mitigate or otherwise lessen or reduce damages.

## FOURTH AFFIRMATIVE DEFENSE

54. Defendant, ORIC is not liable to Castle Oil Corporation for the allegations set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

55. Castle Oil Corporation failed to perform its obligations under the insurance policy and is thereby barred from any recovery thereunder.

**SIXTH AFFIRMATIVE DEFENSE**

56. In the event that the Court determines any of the damages as alleged by plaintiff, such damage was not caused by any act or omission on the part of defendant, ORIC.

**SEVENTH AFFIRMATIVE DEFENSE**

57. The claims asserted in plaintiff's Complaint are barred by the Statute of Limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

58. Plaintiff's claims are barred by reason of waiver and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

59. Plaintiff's notice of occurrence, notice of claim and or notice of suit was untimely and therefore in violation of the notice requirement set forth in the ORIC policies.

**TENTH AFFIRMATIVE DEFENSE**

60. The allegations for damages in the Hickey-Pompe Action are not within the coverage afforded under the Auto Policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

61. ORIC has not breached its contractual obligations to Castle Oil Corporation under the Auto Policy.

**TWELFTH AFFIRMATIVE DEFENSE**

62. No justiciable controversy exits between Castle and ORIC.

**THIRTEENTH AFFIRMATIVE DEFENSE**

63. ORIC has no obligation to defend and indemnify Castle in the Hickey-Pompe claim under the terms of the auto policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

64. The Hickey-Pompe action did not result from the ownership, maintenance or use of a covered auto as defined in the Auto policy and therefore the policy does not provide coverage for the Hickey-Pompe action.

### FIFTEENTH AFFIRMATIVE DEFENSE

65. Other insurance is provided covering the loss which is primary over the insurance provided by ORIC.

### SIXTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff has failed to assert that it relied upon ORIC's handling of prior claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

67. Murdoch represented the interests of plaintiff in its handling of the prior claims and therefore ORIC is not estopped from denying coverage.

**WHEREFORE**, defendant Old Republic Insurance Company demands judgment dismissing the Complaint, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 13, 2008

             SCHINDEL, FARMAN, LIPSIUS,
             GARDNER & RABINOVICH, LLP
             Attorneys for Defendant
             Old Republic Insurance Company

    By: _____
             Ira S. Lipsius (IL5707)
             14 Penn Plaza, Suite 500
             New York, New York  10122
             Telephone No.: (212) 563-1710
             File No.: 2689.0002

TO: MICHAEL M. MEADVIN, ESQ.
      Attorney for Plaintiff
      500 Mamaroneck Avenue, P.O. Box 466
      Harrison, NY 10528
      (914) 381-6508